## LIVINGSTON, Appellant, vs. DUGAN, Respondent.

1. A promise by the owner of a slave to pay to a party having him in possession, in good faith for a valuable consideration, under a claim of title, the expenses of medical attendance which the latter might have to pay to a physician will be supported.
2. The compromise of a doubtful right is a good consideration for a promise.

### Appeal from Washington Circuit Court.

This was an action originally begun before a justice of the peace by Livingston against Dugan, to recover money paid for medical attendance upon a slave, and for services in nursing.

It appeared that a suit was pending by Dugan and his brothers against Livingston, to recover the slave, Livingston being in possession, under a claim of title by purchase in good faith for a valuable consideration. The slave became sick, and during his sickness, as a witness testified, Dugan came to Livingston's house and promised to pay the latter the bill which he might have to pay to the physician who then was and pre-

viously had been in attendance. Afterwards, the suit terminated in favor.of the Dugans, who recovered judgment for the possession of the slave or for his value, without any damages for the detention. The Circuit Court declared the law to be, that the defendant's promise was without consideration and not binding, and gave judgment accordingly, from which the plaintiff appealed.

C. *Jones*, for appellant.

M. *Frissell*, for respondent, cited Chitty on Contracts, p. 52, and cases. there cited.

Scott, Judge, delivered the opinion of the court.

1. From the facts in this case, we do not conceive that the principle that a past or executed consideration will not sustain a promise has any thing to do with it. Dugan promises to pay Livingston a sum of money, on condition that Livingston will thereafter pay that sum to another. Here the consideration is not past nor executed. Whether it is a valuable consideration is another question. A suit was pending for a slave, and some discussion arose between the parties as to the liability for the expense for medical services and nursing incurred for him. This would seem to place the case on the principle of a compromise of a doubtful right. No damages were recovered for the detention of the slave. We may presume, therefore, that his services were not of any value. The form of the action instituted by Dugan for the slave asserted his property in him. The plaintiff, Livingston, held him in good faith for a valuable consideration, under a claim of right. A question, therefore, might have been raised as to whether Dugan was not liable. for the medical services. We do not say that he would have been. But it is enough to support this promise, that a question might have been raised in relation to it. The judgment is reversed, and the cause remanded, with the concurrence of the other judges.