STEPHENS, Plaintiff in Error, v. SPIERS, Defendant in Error.

1. Though a promissory note given by way of compromise of a doubtful right is valid and binding, it is a good defence that it was obtained through a fraudulent suppression of the truth.

*Error to Boone Circuit Court.*

This was a suit upon two promissory notes executed by defendant Zephaniah Spiers, in favor of plaintiff, one for $332.96, dated November 8, 1855, payable December 25, 1855, the other of the same date for $300, payable January 1, 1856.

The defendant in his answer admitted the execution of the notes, but averred that they were executed by him under a mistake of his rights and because of deceitful representations made to him by the plaintiff, Stephens; that on the 7th day of June, 1847, he, defendant, together with George S. Waters, and others, executed and delivered to plaintiff a note for $1000; that afterwards, for the purpose of securing this note, and another note for $929.12 executed in favor of plaintiff by M. R. & R. G. Waters and George S. Waters, George S. Waters mortgaged to plaintiff on the 25th of April, 1848, a certain tract of 240 acres of land in Boone county, Missouri; that various payments were made on said notes, amounting to near six hundred dollars; that in September, 1850, while defendant and his co-obligor, George S. Waters, were in California, the plaintiff sold said mortgaged lands at private sale and in fee simple for $1500 to Dr. Turner, and received from him, Turner, $1008 in money, and his (Turner's) note for $500, payable in twelve months, which last

note he, plaintiff, has collected; that he has given no credits on said notes for any part of the sum so paid; that on the 10th of May, 1851, he, Stephens, after he had sold to Turner and while Waters and defendant were in California, instituted proceedings for the foreclosure of the said mortgage; that he obtained judgment of foreclosure, and that said land was sold in the year 1852, and he, Stephens, became the purchaser at the sum of $500; that he, Stephens, well knowing that all or nearly all of said notes had been paid, wrongfully and fraudulently instituted suit against defendant on the note for $1000 which had been discharged as aforesaid, and fraudulently and deceitfully represented to defendant that said note was unpaid, and by such false, deceitful and fraudulent misrepresentation induced the defendant to execute to plaintiff the two notes sued on in the present action, for which defendant has received no value whatever; that at the time of the execution of the said mortgage by George S. Waters, Waters had been responsible to plaintiff for the said $1000 note, and that plaintiff had accepted him, Waters, as the payer of said note; that the note was procured by fraud and was without consideration.

There was evidence adduced tending to support the allegations contained in the answer. The court, at the instance of the plaintiff, instructed the jury as follows: " 1. If the jury find from the evidence that there was an unsettled debt existing between the plaintiff and the defendant, and that the notes sued on were executed in settlement or compromise of such debt, and that in consideration of the execution of said notes Stephens dismissed a suit which he had brought and was then pending for the collection of the debt aforesaid, they will find for plaintiff the amount of said notes and interest, unless such settlement or compromise was procured by fraud or misrepresentation on the part of plaintiff. 2. If the jury find from the evidence that plaintiff, at the request of defendant, dismissed a suit which he had brought against him, and that the notes sued on were given in consideration thereof, then, although there may have been no foundation for such

suit, they will find for plaintiff, unless such arrangement was procured by fraudulent representations by plaintiff."

The court, at the instance of the defendant, further instructed the jury as follows: "1. If the jury believe from the evidence that the notes sued upon were executed by defendant without any consideration, they must find for the defendant. 2. If the jury believe from the evidence that the plaintiff agreed to receive from George Waters, in consideration of the note of $1000, executed by defendant and others, a mortgage upon his land, and did receive such mortgage pursuant to such agreement, and accepted the same in discharge of Spiers' obligation, and that plaintiff afterwards obtained from defendant the notes sued upon by misrepresentations or by omission to give the proper credits or release on the $1000 note, and defendant was deceived as to his rights and executed said notes without consideration and in mistake of his rights, they should find for defendant. 3. If the jury believe from the evidence that the defendant executed the $1000 note, given in evidence to plaintiff for goods purchased by defendant from him, and that afterwards defendant sold the goods so purchased to George Waters and others, and that plaintiff agreed to release defendant and receive George Waters or any one else for said note, and did accept other security for such debt, promising to release said defendant, they should find for the defendant, unless they believe that the notes sued on were executed by defendant for a good and valuable consideration other than the said $1000 note. 4. If the jury believe that defendant, at the time of executing the notes sued on, was not indebted to plaintiff, and was induced by plaintiff to execute the same by false calculations of his rights, and misrepresentations of the amounts due and owing to him, they will find for the defendant. 5. If the jury believe that Stephens released to defendant the $1000 note in evidence, in consideration that Waters would execute to him the mortgage in evidence, and that the notes now in suit were signed by defendant in liquidation of said $1000 note under a mistaken view of his rights, induced by the false

and fraudulent representations of Stephens, they will find for defendant."

The jury found a verdict for the defendant.

*Gordon*, for plaintiff in error.

1. The notes sued on were given by way of settlement and compromise of a suit which the plaintiff in error had brought in the Boone circuit court against the defendant in error, which was a good and valid consideration for the notes sued on. (10 Mo. 489 ; 20 Mo. 102.)

II. There was no evidence in the cause to warrant the court in giving the second, third, fourth and fifth instructions asked by the defendant in error. There was no evidence that the plaintiff in error made any false or fraudulent representations, nor was there any evidence to prove that the plaintiff in error made any false calculations or misrepresentations as to the amount which the defendant was owing him. The instructions were calculated to mislead the jury, and ought not to have been given by the court. (10 Mo. 489.)

*Young*, for defendant in error.

I. Stephens released the defendant from all liability upon the $1000 note by accepting the mortgage from George Waters, and his withholding from defendant the fact that he had received from Turner $1500, the price of the mortgaged land by him, and the different sums in the several receipts given in evidence, for none of which he had given credit on either the note for $1000, executed by defendant, or the $929.12 executed by M. R., R. G. and George Waters ; and his procuring the interest to be calculated on the $1000 from its date to the day of settlement, at ten per cent. per annum, shows a most glaring fraud in the whole transaction, which authorized the giving of defendant's instructions and the verdict of the jury. (City Bank v. Philips, 22 Mo. 85 ; Chitty on Con. 643.) The acceptance of the mortgage from Waters, agreeing to discharge Spiers from further liability, was a release to Spiers. (Phelps' Adm'r v. J. & O. Johnson, 8 Johns. 54 ; Cuyler v. Cuyler, 2 id. 186.)

II. The evidence in the case conclusively shows that when the notes sued on were executed, defendant was ignorant of the fact that Stephens had released him from the $1000 note, or that Stephens received the several sums of money before stated, and these facts were concealed from him by Stephens; that Stephens induced him, from the calculations made by Todd, to believe that no part of the $1000 note had been paid, and that it was still due and owing by defendant, and, by a pretended exhibition of liberality of releasing him from one-half of his liability on the note, fraudulently induced him to execute the two notes sued on. If the evidence in the case warranted the jury in such conclusions, the instructions given for defendant were proper and legal. (See Young v. White, 18 Mo. 98; Brown v. North, 21 Mo. 529; Chitty on Contracts, 589.)

III. The jury had the exclusive right to try the facts of the case, and having found that defendant's pleas were true, and that the notes sued on were obtained by fraud on the part of the plaintiff, there being no error by the court in giving the law of the case, this court will not reverse for such finding by the jury. (See Young v. White, 18 Mo. 98; Goetz v. Ambs, 22 Mo. 170; Holladay v. Atterbury, 22 id. 514; Metz v. Eddy, 21 id. 14.)

Scott, Judge, delivered the opinion of the court.

There is no doubt of the correctness of the proposition that a compromise of a doubtful right is a valid consideration for a promise. But this case does not stand upon this proposition. George Waters was a party to the note for $1000 and became responsible for it. He testifies that in order to release the defendant he executed a mortgage to the plaintiff, who agreed, in consideration thereof, to discharge him from all liabilities then existing against him. This mortgage was accepted by the plaintiff and was enforced by him. Now if a *suppressio veri est suggestio falsi*, the plaintiff acted in bad faith in afterwards suing the defendant upon the note for $1000, when, for a valuable consideration, he had pre-

viously released him. If the notes sued upon had been executed in a spirit of compromise upon a full disclosure of all the circumstances affecting the liability of the defendant, they would have been binding upon him. The jury however have negatived this state of facts, and, as they were the proper judges of the matter, we can not interfere with their verdict. It does not appear that the defendant, when he executed the notes sued on, was aware of the inducement which led to the giving of the mortgage by Waters; and the withholding of the knowledge of this fact from him was enough to vitiate the transaction.

After the instructions asked by the plaintiff and given by the court, we do not see with what consistency he can complain of the instructions given at the instance of the defendant. The plaintiff's instructions expressly put his right of recovery upon the freedom of his conduct from fraud and misrepresentation. He can not then complain that there was no evidence of fraud in the transaction which would warrant the instructions given for the defendant. These instructions placed the plaintiff's right to recover on the same ground, with specifications and some amplification adapted to the evidence in the cause. Judgment affirmed; Judge Ryland concurring; Judge Leonard absent.