RINEHART, *Appellant*, v. BILLS.

1. **Husband and Wife**: ALIENATION OF WIFE'S AFFECTIONS, ACTION FOR. An action lies in behalf of a husband for the alienation with malice or improper motives of his wife's affections. Neither debauchery nor enticing her away from him is necessary to a recovery in such action.

2. ——: ——: ——. The alienation of a wife's affections for which the law gives redress, may be accomplished, notwithstanding her continued residence under his roof.

3. **Doubtful Claim, Compromise of**: CONSIDERATION. The compromise of a doubtful claim asserted in good faith, affords a valuable consideration to support a promise.

*Appeal from Knox Circuit Court.*—HON. B. E. TURNER, Judge.

AFFIRMED

*O. D. Jones* for appellant.

There must be proof of defilement of the wife, or of having enticed her away to sustain the action. Mere solicitations are not sufficient. *Gilchrist v. Bale*, 8 Watts 355; Bigelow's Lead. Cases on Torts, p. 328; *Hutchinson v. Peck*, 5 John. 196; *Modisett v. McPike*, 74 Mo. 636. There was no cause of action to compromise, hence there was no consideration for the note. *Wade v. Simeon*, 2 C. B. 548; *Sav. B'k v. Concord*, 15 N. H. 119; *Long v. Towle*, 42 Mo. 545.

*Dysart & Mitchell* for respondent.

The plaintiff assumes that because the pleadings do not show that defendant's wife was debauched or enticed away he had no right of action against plaintiff, and hence the compromise note taken in settlement was without consideration and void. This is manifest error. "A husband has the right to sue, for damages, all persons who seek to entice her away with malice or improper motives." Schouler's Domestic Relations, p. 57, and cases cited. Also,

for the "loss of the wife's affections." Cooley on Torts, 224; *Hoard v. Peck,* 56 Barb. 202; *Heermance v. James,* 47 Barb. 120. The latter case is right in point. There was no crim. con. and no enticing away. Neither does it follow that if defendant had no right of action the note is without a sufficient consideration. The controversy between the parties was a sufficient consideration to support the promise. "The prevention of litigation is not only a sufficient but a highly favored consideration." 1 Parsons on Cont., (6 Ed.) § 4, p. 438; *O'Keeson v. Barclay,* 2 Pa. (Penrose & Watts) 531. This last case was a suit on a note given in settlement of a slander suit, in which the petition stated no cause of action whatever, but the note was held valid. And bonds issued under an unconstitutional statute are void, but bonds issued in payment thereof, made under a valid statute, are good. Admit, for argument's sake, that plaintiff's defense to defendant's demand for damages was ever so good, yet if he compromised and settled with defendant with a full knowledge of all the facts, in the absence of any fraud, then he is bound by the settlement. *Draper v. Ordsley,* 15 Mo. 613; *Livingston v. Dugan,* 20 Mo. 102; *Adams v. Sage,* 28 N. Y. 103; *Stover v. Mitchell,* 45 Ill. 214; *Steel v. White,* 2 Paige's Ch. 478.

Martin, C.—On the 26th day of January, 1880, the plaintiff filed a complaint in equity against the defendant. In this complaint another party was originally included as a defendant, but was discharged before trial. The object of the suit was to enjoin the transfer and collection of a certain promissory note in the sum of $550 made by the plaintiff, to enforce its surrender and cancellation, and obtain a judgment for a part payment indorsed upon it. It is alleged in the petition that the note was without consideration, and was obtained by false representations, by threats of suit, and of personal violence. The defendant in his answer denied the allegations of the petition and recited the facts

constituting the consideration of the note, which in his own language read as follows:

"Defendant, further answering, says: That on or about the 11th day of November, 1879, he learned for the first time that plaintiff, for a long time thereto, to-wit, for about eighteen months, then last past, had been making love to his (defendant's) wife, whenever and wherever he could meet her. That he had plied every art and used every device in his power to win her love and esteem, and to alienate and estrange her from her husband. That he had told her at divers times and places, that he loved her deeply, devotedly, madly, and that he could not live without her. That plaintiff had written her love-letters on divers occasions; had given her a fine gold finger-ring, and desired to leave and abandon his own wife and children, and take defendant's wife and go to a new country where they would not be known, and could marry and live together as man and wife. That plaintiff was rich and would maintain her in luxury and ease, and she could live like a lady without labor and toil. Defendant, further answering, states that plaintiff, by his persistent efforts, finally succeeded in alienating and estranging the love and affections of defendant's wife from defendant, and procured in the manner and by the means aforesaid, her consent to leave and desert her husband and elope with plaintiff."

The answer goes on to recite that she had relented her rash promise to elope with plaintiff, had confessed everything to her husband, and begged to remain with him as his wife under the security of pardon and forgiveness. It is further alleged in substance that the defendant, smarting under the wrongs inflicted upon him by plaintiff, repaired to the plaintiff's residence with his attorney, with a view of settling for these wrongs without suit; that in the interview the plaintiff admitted the facts as charged against him, and agreed to pay defendant in liquidation of all damages by him sustained, and in final settlement thereof, the sum of $600; that he paid down $50 and gave the note in con-

troversy for the remaining $550, payable four mouths from date ; that he afterwards paid $205 on account of the note, which payment was indorsed on the same. The answer concludes with a prayer that the injunction be dissolved and judgment be rendered in defendant's favor, in the amount of the note remaining unpaid, which is stated to be $345 with interest.

The plaintiff interposed a demurrer to this answer, which was overruled. The case was then tried by the court without the intervention of a jury. The court found the issues in favor of defendant, declaring in its decree that the matters and allegations in plaintiff's petition are untrue and not sustained by the evidence. The injunction was dissolved and the sum of $40.05 was assessed as damages on the injunction bond against the plaintiff and his sureties. It was, also, adjudged that defendant recover of plaintiff the balance due on the note sought to be enjoined. The bill of exceptions does not contain the evidence, but merely recites that evidence was submitted by both parties tending to prove the allegations of their pleadings.

Only one question is presented to us, in the record, for determination. That question involves the sufficiency of the defense, and is raised on the demurrer and in the motions made after judgment. The plaintiff contends that as the answer fails to show that defendant's wife had been actually debauched or seduced away from him, no wrong had been inflicted upon him, for which an action lies; and that the note taken in settlement of the supposed wrong was void as being without consideration. This position cannot be maintained upon either principle or authority. The injury to defendant consists in the alienation of his wife's affections with malice or improper motives. Debauchery and elopement when they occur are only the immediate and legitimate consequences of the wrong. That the injury in this instance did not culminate in adultery and elopement is a fact not due to the plaintiff's forbearance, but to the wife's prudent reflection and laudable re-

pentance.    The alienation of the wife's affections for which the law gives redress, may be accomplished notwithstanding her continued residence under her husband's roof.    Indeed it has been not unfrequently remarked by authors and jurists, that such continued residence after the alienation has been effected, so far from leaving the husband without a good cause of action, contributes an aggravation to his injury, from which an elopement might well be accepted in the nature of an alleviation.    Schouler's Dom. Rel., 57 ; Cooley on Torts, 224 ; *Hoard v. Peck*, 56 Barb. 202 ; *Heermance v. James*, 47 Barb. 120.

I think it would be difficult to regard it in any other light in the absence of contrition or change of heart.    The demurrer admits the salacious and seductive solicitations of the plaintiff, extending over a period of eighteen months. It, also, admits the fact of actual estrangement and alienation which constitutes the essence of the offense.    Everything which follows afterwards, can be only in the nature of aggravation, mitigation or reparation of the wrong inflicted upon the sanctity of the defendant's home.

I may add here by way of allusion to the consideration of the note, that the compromise of a doubtful claim asserted in good faith, furnishes a valuable consideration to support a promise.    1 Par. Cont., 438, § 4 (6 Ed.).

The judgment is affirmed.    All concur.