Rivers v. Blom.

## RIVERS v. BLOM, Appellant.

### Division One, June 12, 1901.

1. **Building Contract:** SUPERINTENDENT: CONTRACTOR: COMPROMISE: DISCHARGE. The defendant contracted with Geimer to build houses for him, and plaintiff was the architect and superintendent, and afterwards defendant sued the contractor for using defective material and for faulty construction, and the contractor set up a counterclaim for an unpaid balance of the contract price, and these suits were "compromised" and dismissed. In this action the superintendent sued the houseowner for services rendered, and defendant set up a counterclaim for damages alleged to be due him for the superintendent's failure to perform his duty by permitting the contractor to use defective material and faulty construction, and by written agreement of counsel, in lieu of a bill of exceptions, it is agreed that this counterclaim is identical in all respects with the householder's claim against the contractor in the other "suits which were compromised by the parties." The referee held that the "compromise" of this claim in the other suits was a "discharge" of the claim. *Held*, that the words "compromise" and "discharge," as used by the referee and in the written agreement of counsel, mean the same thing, and were properly held to mean that the defendant householder has no claim against the contractor or any one else, since that compromise was received by him as a satisfaction of that claim, whether made in money, or offset by other claims.

2. **Release:** NOT PLEADED: EVIDENCE: NO EXCEPTIONS: WAIVER. While a release of defendant's counterclaim is required to be affirmatively pleaded, yet if no objection was offered to the admission of the evidence showing the release had been made, and the attention of the trial court was not called to it in the motion for new trial, and no exceptions to its introduction were saved, the appellant can not be heard for the first time in the appellate court to complain that such evidence was admitted.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow*, Judge.

AFFIRMED.

*Henry M. Post* for appellant.

(1)    The ruling of the referee excluding evidence as to the third counterclaim set up by defendant, on the theory of a compromise or forgiveness of such counterclaim, or a mutual discharge and release of alleged countersuits between appellant and Geimer, was clearly erroneous.    Defendant had well pleaded this third counterclaim in his answer.    The plaintiff in his reply had simply pleaded a general denial.    He did not set up any "new matter, not inconsistent with the petition, constituting a defense to the new matter in the answer."    The rule as to the setting up of new matter in the answer as a counterclaim to plaintiff's petition, applies also to the setting up of new matter in plaintiff's reply of new matter as defense to defendant's counterclaim.    And that rule is that such new matter must be specifically and affirmatively pleaded, or the court has no right to regard it.    Kersey v. Garton, 77 Mo. 645; Newham v. Kenton, 79 Mo. 387; Judy v. Duncan, 21 Mo. App. 548; Northrup v. Miss. Valley Ins. Co., 47 Mo. 435; Hudson v. Railroad, 32 Mo. App. 680; s. c., 101 Mo. 13; Ferneau v. Whitford, 39 Mo. App. 316; Nelson v. Wallace, 48 Mo. App. 193; Hardwick v. Cox, 50 Mo. App. 513; Bliss Code Pleading, sec. 352.    (2)    The referee and the court below erred in ruling that such settlement inured to the benefit of the plaintiff, and in excluding evidence offered by defendant in support of his counterclaim based on damages suffered by reason of plaintiff's negligence or incompetency in discharge of his duties as architect and superintendent.    If they were joint debtors a release by a creditor of one of several joint debtors does not discharge the rest.    R. S. 1889, sec. 2392; Hill v. Alexander, 77 Mo. 296; Montgomery Co. v. Anchley, 92 Mo. 126; Badger Lumber Company v. McColgin, 63 Mo. App. 470; Baker v. Hunt, 88 Mo. 405.    But, as a matter of fact, there was no evi-

dence nor was there any attempt to show that Blom ever received anything on account of his claim against the contractor; there was only a mutual agreement to dismiss the cross-suits. At the utmost there was only an abandonment, or, as the referee expresses it, "a forgiveness," of the owner's claim against the contractor, of which the architect can not take advantage. If there was any such satisfaction plaintiff should have so pleaded it, or, at all events, it was a question of fact which should have been inquired into by the referee before he assumed that the defendant had received satisfaction. Clark on Architects, p. 55; Hubert v. Aitken, 15 Daly, 237; Newman v. Fowler, 37 N. J. L. 89.

*H. B. Davis* and *Geo. E. Smith* for respondent.

MARSHALL, J.—The defendant contracted with one M. C. Geimer to build for him two houses, Nos. 1715 and 1717, Allen avenue, in the city of St. Louis, and employed the plaintiff, as an architect and superintendent, to supervise the work. When the buildings were finished a dispute arose between Blom and Geimer, and upon Rivers' advice, Blom sued Geimer for damages for improper and faulty construction. Thereupon, Geimer sued Blom in a separate action for the balance due under his contract. Blom and Geimer compromised their controversy and both said suits were accordingly dismissed. Afterwards, Rivers began this action against Blom for services rendered and money expended, at Blom's request, in and about the case of Blom v. Geimer, and asked judgment for $2,114.73. Blom's answer is a general denial, with special pleas, and three separate counterclaims, the third being for $4,511.47 damages claimed to have been sustained by Blom in consequence of Rivers' failure to perform his duties as architect, by permitting Geimer to use defective material and con-

struct the houses in a faulty manner. The reply is a general denial. The case was sent to a referee, and in the progress of the case the evidence adduced showed the fact to be that the claim set up in the third counterclaim was identical in all respects with the claim set up by Blom in his suit against Geimer, and thereupon, the referee refused to hear any further testimony in support of the third counterclaim, and held that as Blom had discharged Geimer, he thereby necessarily released Rivers from all liability on account of such matters.

The referee found for the plaintiff upon his cause of action, and for the defendant upon his second counterclaim, and against the defendant on his first and third counterclaims. On exceptions the circuit court modified the referee's finding and entered judgment for plaintiff for $53.60, after allowing defendant's second counterclaim, and confirmed the referee's finding as to the first and third counterclaims. Thereupon, the defendant appealed.

The only error assigned is the ruling as to the defendant's third counterclaim. The defendant contends, first, that under the pleadings no issue as to the discharge of Geimer is raised, and hence, such matters can not be considered in this case, and, second, that the defendant's claims against Geimer and Rivers were based upon distinct contracts; that there was no privity between Geimer and Rivers, and, therefore, the release of Geimer did not release Rivers. Defendant concedes that the grievances and wrongs asserted in the third counterclaim against Rivers are identical with those asserted in his suit against Geimer, and further concedes that he is not entitled to double compensation for the same injuries, but he maintains that the evidence does not disclose any compensation received from Geimer, and hence, if he recovers from Rivers the compensation will be single.

The record does not contain all the proceedings or evidence

before the referee.   The testimony is not preserved, but in. place of it the parties have stipulated as to what the evidence showed, with respect to the matters involved on this appeal. That stipulation is as follows:

"On the hearing before the referee plaintiff introduced evidence tending to prove the allegations of his petition.   There was evidence showing that defendant Blom on the twenty-first day of October, 1893, instituted a suit in the St. Louis Circuit Court against Michael C. Geimers and others, as contractors, for $4,511.47 damages for the faulty construction and defective material entering into the construction of a certain building in the city of St. Louis, known as Nos. 1715 and 1717, Allen avenue, for the erection of which they were contractors, the account therein sued on being identical with 'Exhibit A' referred to in defendant's answer as the ground of defendant's third counterclaim, and that while said suit was pending, and undetermined, said Geimer brought a cross-suit against defendant Blom for a balance claimed to be due him from defendant on his contract for the erection of said building, and that said suits were compromised between the parties, and both suits were dismissed on the twenty-fifth day of November, 1887."

It will be observed that the referee called the termination of the cross-actions between Blom and Geimer a "discharge" of Geimer, and therefore held that Rivers was "released," while the stipulation of counsel shows that the suits were "compromised" between the parties, and each dismissed his own suit. Webster defines "compromise" to mean:   "To adjust by mutual concession; to settle without resort to the law; to compound;" and "discharge" to mean:   "9.   To send away, as a creditor, by payment.   10.   To set free, release, absolve or acquit, as of an obligation, claim, accusation, or service due; to exonerate; to relieve; to clear."   And he defines, "satisfaction" to mean:   "3.   That which satisfies; compensation; in-

demnification; reward; remuneration; requital; amends; atonement; recompense. 5. (Law) Payment of a legal debt or demand; the discharging or cancelling of a judgment, or a mortgage, by paying the amount of it." Thus a debt is discharged and the debtor is released when the creditor has received something from the debtor which satisfies him. It may be money or its equivalent. It may consist of offsetting mutual demands, or wiping out mutual disputed claims by mutual concessions, in which event no money is required to pass from one to the other. There may be an etymological shade of difference between the terms, which would afford room for abstruse discussion, but to the average mind the fact disclosed by the use of either term would be that "for one consideration or another" the parties had called their differences "quit," and neither had a right thereafter to claim that he had not been compensated for the injuries each claimed to have suffered at the hands of the other.

So that when the referee said Blom had "discharged" Geimer he meant that he was "satisfied" and had no further cause of complaint against Geimer, and when the parties stipulated that the cross-actions were "compromised" they meant that Blom and Geimer had adjusted their claims against each other and each was satisfied to quit. So each had "satisfaction," albeit not a money payment, but its equivalent.

Therefore, for all the injuries and damages claimed by Blom by the use of defective materials and faulty construction in his houses by Geimer, Blom has been paid, has received satisfaction, has been made whole. This being true it is the same as if there had never been defective materials used or faulty construction allowed, and if this is true then Blom has no cause of complaint against Geimer or Rivers or anyone else. The referee was right in holding that under such circumstances Blom could not claim farther or double satisfaction from Riv-

ers. Blom's damage was single. His recourse was double—against Geimer and Rivers separately. But when his damage was repaired, his loss compensated, his claim satisfied by either Geimer or Rivers, he had no further cause of complaint. It is true, as Blom contends, that he had a right to dismiss his suit against Geimer and proceed against Rivers, and if this had been all he had done, his claim would not have been satisfied, but the parties have stipulated that he did more, that he compromised his claim against Geimer and Geimer compromised his claim against Blom. The terms of the compromise are not stated. But even if one claim was offset against the other, when this was done it ended both suits, and this is something more than a mere dismissal or abandonment of the suits; it is an adjustment of conflicting disputed claims and a satisfaction of both.

It is true, as claimed by defendant, that release is an affirmative defense, and to be shown in evidence must be affirmatively pleaded, like payment or accord and satisfaction, or any other matter that contemplates that the claim once existed but has been discharged by the acts of the parties. [Northrup v. Ins. Co., 47 Mo. l. c. 443; Young v. Glascock, 79 Mo. l. c. 576; Zoll v. Carnahan, 83 Mo. l. c. 42; Springer v. Kleinsorge, 83 Mo. l. c. 156; Musser v. Adler, 86 Mo. l. c. 449; Greenway v. James, 34 Mo. 326; Turner v. Thomas, 10 Mo. App. 338; Mize v. Glenn, 38 Mo. App. 98; Goetz v. Ambs, 27 Mo. 28; St. Louis Agric. & Mech. Assn. v. Delano, 108 Mo. 217; Riggins v. Railroad, 73 Mo. 598; Moone v. Ringo, 82 Mo. 468; Hempstead v. Stone, 2 Mo. 65; Moore v. Granby Mining, etc., Co., 80 Mo. 86; Wilkerson v. Farnham, 82 Mo. 672; Kersey v. Garton, 77 Mo. 645; Hudson v. Railroad, 101 Mo. 13; Smith v. Rembaugh, 21 Mo. App. 390.]

In the case at bar, however, it does not appear from the record before this court that when the evidence which showed

the compromise of the cross-actions between Blom and Geimer was offered or adduced, the defendant made timely or any objection thereto on the ground that it was not admissible because no such issue had been joined in the case, or for any other reason, nor does it appear that defendant saved any exception to the admission of this evidence, nor that the error was called to the attention of the trial court in the motion for a new trial and that court afforded thereby an opportunity to correct the error. This being so, the defendant can not be heard to object, for the first time, in this court, to the evidence being admitted. And as the evidence is in the case and as it completely bars the defendant's right to recover under the third counterclaim, it only remained for the referee and the trial court to pronounce the judgment of the law thereon.

For these reasons the judgment of the circuit court is affirmed. All concur.