STATE OF MISSOURI at the Relation of LESTER O. ISAACSON, Doing Business as ST. JOSEPH TRUCK and TRACTOR COMPANY, Relator, v. FRANCIS H. TRIMBLE, EWING C. BLAND and HENRY L. ARNOLD, Judges of the Kansas City Court of Appeals.—72 S. W. (2d) 111.

Division Two, May 17, 1934.

*Randolph & Randolph* for relator.

FITZSIMMONS, C.—This case comes to the writer by reassignment. It is certiorari to the Kansas City Court of Appeals. The

question before us is whether there is conflict between controlling decisions of this court and the opinion of the Court of Appeals in the case of Lester O. Isaacson (plaintiff and appellant) v. Elvis W. Van Gundy (defendant and respondent), reported in 48 S. W. (2d) 208. The facts and the questions of law upon appeal are thus stated in the opinion (Isaacson v. Van Gundy, 48 S. W. (2d) 208):

"This is an action in replevin to recover the possession of three motor trucks. There was a verdict and judgment in favor of plaintiff. The court granted defendant a new trial on the ground that it erred in refusing to give defendant's peremptory instruction at the close of all the testimony and in refusing defendant's Instruction C. Plaintiff has appealed.

"The facts show that defendant, who lived at Fairfax, was engaged in the trucking business; that on July 24th, 1928, or August 2nd of that year, defendant purchased of plaintiff a GMC truck. This truck had formerly been owned by one Sie Rolston of Ravenwood and was registered in his name. When plaintiff purchased the truck from Rolston the certificate of title was properly assigned and delivered to the plaintiff by Rolston. This certificate was duly assigned to the defendant by the plaintiff and delivered to him on or about August 2nd, 1928.

"Defendant gave plaintiff a chattel mortgage in the sum of $2,190 upon the truck, dated July 24th, 1928. Defendant having failed to make the payments provided in the mortgage plaintiff brought a replevin suit and took possession of the truck under the writ of replevin issued therein. The evidence shows that this replevin suit was brought 'under this mortgage.' Thereafter and while said suit was pending on April 9th, 1929, the suit was compromised and the parties entered into a written agreement by which the suit was dismissed and defendant gave plaintiff a note in the sum of $2,190, and to secure the note executed a chattel mortgage upon said truck and two other trucks. Defendant failed to pay certain installments falling due under the terms of this last mentioned mortgage and this suit was instituted to recover possession of the trucks mentioned in said mortgage.

"One of the main controversies in the case is whether or not the statute concerning the sale and transfer of motor vehicles was complied with at the time of the sale of the GMC truck to defendant. This statute provides that unless at the time of the delivery of a motor vehicle there shall pass between the parties a certificate of ownership with an assignment thereof the sale 'shall be fraudulent and void.' " [See Laws 1927, p. 313.] It is well settled that unless the certificate is assigned and passed to the buyer of the motor vehicle at the time of its delivery the sale is absolutely void and no title to the vehicle passes. [State ex rel. v. Cox, 306 Mo. 536; Sullivan

v. Gault, 299 S. W. 1116; Mathes v. Westchester Fire Ins. Co., 6 S. W. (2d) 66.]

"It is the contention of the plaintiff that the undisputed testimony shows that the sale was completed in St. Joseph on August 2nd; that at that time the certificate of title duly assigned was delivered by plaintiff to defendant. Defendant contends that the undisputed testimony tends to show that the sale and delivery of the truck was had at Fairfax on the evening of July 24th, 1928, and, it being admitted that the certificate of title was not delivered until August 2nd, the statute was not complied with. Therefore, it is claimed that the settlement of the first replevin suit having grown out of the prior illegal contract and mortgage and this illegal contract and mortgage, being the foundation of the first replevin suit out of which the contract of settlement grew, there was no valid consideration for the latter and the chattel mortgage, upon which this suit is based, is void and plaintiff cannot maintain the action."

The Court of Appeals, in its opinion, then stated at length the substance of the evidence touching the question whether the sale was completed and the certificate of title delivered at the same time or at different times. The Court of Appeals reached the following conclusion upon the review of the evidence: "Therefore, there being conflict in the testimony as to whether or not the certificate of title was delivered to defendant at the time of the delivery of the truck, the court did not err in submitting the case to the jury." In other words, the Court of Appeals held that the trial court *did* err in assigning as one of its reasons for granting to defendant Van Gundy a new trial its failure to give defendant's peremptory instruction at the close of all the testimony.

Upon the other assigned ground of new trial, the Court of Appeals held:

"However, we do think that the court erred in refusing to give defendant's Instruction C which sought to submit to the jury the question as to whether or not the certificate of title was delivered at the time of the delivery of the truck. For this reason the action of the court in granting a new trial must be sustained."

These rulings of the Court of Appeals upon the two assigned grounds for granting a new trial are not directly involved in the question of conflict raised by certiorari. But these rulings, based as they are upon the facts stated by the Court of Appeals bear heavily upon the issue presented to us. For the Court of Appeals affirmed the order of the trial court, granting a new trial to defendant, for the reason that "the second chattel mortgage upon which this suit is based is void under the circumstances." And relator, Isaacson (whom we will call plaintiff) grounds these proceedings in certiorari upon an asserted conflict between decisions of this court upon the

law of compromise and settlement and the opinion of respondents in the instant case. The Court of Appeals thus disposed of the question of compromise in its opinion:

"Plaintiff further contends that the illegality of the transaction, if any, wherein the truck was sold to the defendant does not inhere in the settlement had after the institution of the first replevin suit; that 'any settlement of that suit between the parties is based on a new and good consideration and the note and chattel mortgage defendant gave at that time are valid and subsisting obligations.' The written agreement evidencing the settlement of the suit recites that the truck was sold by plaintiff to defendant on July 24th, 1928; that at that time a note and chattel mortgage in the sum of $2190 was given to the plaintiff by defendant; that as installments due upon the note had not been paid, plaintiff had instituted a replevin suit for the truck, 'and whereas certain differences and contentions have arisen between the parties hereto because of the aforesaid transaction and the aforesaid lawsuit. Now, therefore, in order to settle the aforesaid differences and the aforesaid lawsuit and all matters of difference existing between the parties hereto, it is agreed between the parties as follows.' The agreement then recites that the defendant was to execute a new note in the sum of $2190 payable in installments, 'in lieu of the promissory note' given on July 24, 1928, and a chattel mortgage to secure said note covering the truck in question together with two other trucks; that plaintiff was to dismiss the suit and surrender to the defendant his note and chattel mortgage dated on July 24, 1928, and that in addition, plaintiff was to furnish or pay for certain repairs upon the GMC truck. . . .

"There can be no question but that the second chattel mortgage upon which this suit is based is void under the circumstances." In support of this conclusion, the Court of Appeals cited and quoted 2 Page on Contracts, page 1838, section 1040, and 6 Ruling Case Law, page 821, section 216.

Plaintiff Isaacson urges that this holding is in conflict with the following decisions of the Supreme Court: Wood v. K. C. Home Telephone Co., 223 Mo. 537, 1. c. 564, 123 S. W. 6; Rinehart v. Bills, 82 Mo. 534, 1. c. 538, 52 Am. Rep. 385; Stephens v. Spiers, 25 Mo. 386, 1. c. 390; Livingstone v. Dugan, 20 Mo. 102; Reilly v. Chouquette, 18 Mo. 220, 1. c. 226; Mullanthy v. Riley, 10 Mo. 489, 1. c. 495; Rivers v. Blom, 163 Mo. 442, 63 S. W. 812; Draper v. Owsley, 15 Mo. 613, 1. c. 616. These cases declare and apply the principle that a compromise of a doubtful right is a sufficient consideration to support a promise. We are of opinion that that principle should govern here. The sale and delivery of the truck by plaintiff to defendant and the transfer from the one to the other of the certificate of title were lawful acts legally effective save for any infirmity which

might arise out of a failure of the parties to observe the statute touching the sale and delivery of the truck and the delivery of the certificate of title. That infirmity presented the question of fact which the parties did not see fit to submit to the decision of a jury in the first replevin suit. Therefore they compromised that suit and executed a new note and mortgage. Wood v. Kansas City Home Tel. Co., 223 Mo. 537, 123 S. W. 6, supra, one of the cases upon which relator leans, was a suit for the specific performance of a contract to transfer shares of corporate stock. The defense was duress in the procurement of the contract and want of consideration. This court held that there was no duress. Concerning want of consideration the opinion said:

"Nor is there anything in the want of consideration for this contract. We have indicated that there was a valid compromise made between these parties. If there was a valid compromise, such furnishes a sufficient consideration for the contract in suit. In the early case of Reilly v. Chouquette, 18 Mo. l. c. 226, Scott, J., said: 'When a right is disputed and a compromise ensues, that compromise will not be disturbed, should it turn out afterwards that one of the parties had no right in law. Such a principle would overthrow all compromises. The compromise of a doubtful claim is a good consideration for a contract.' [See, also, Livingston v. Dugan, 20 Mo. 102, and Hill v. Coal Company, 124 Mo. 153.] The terse language of Judge Scott expresses the law, and we shall go no further on this question."

In the case of Livingston v. Dugan, 20 Mo. 102, supra, cited by this court in the Wood case and being one of the cases with which plaintiff charges that the opinion of respondents is in conflict, plaintiff Livingston sued defendant for money paid for medical attendance and for nursing services to a sick slave. At the time defendant had an action pending against plaintiff to recover possession of the slave whom plaintiff was claiming under a title by purchase in good faith. The slave becoming sick during the pendency of the possessory action, defendant promised to pay to plaintiff the medical bill which he might have to pay for the treatment of the slave. Afterwards defendant Dugan recovered judgment against plaintiff in the necessary action for the slave. Defendant having refused to pay the medical bill, plaintiff sued. The circuit court declared the law to be that the promise of defendant to pay the bill was without consideration. This court reversed the judgment for defendant upon the ground that the doubtful liability of defendant Dugan for the professional attentions to the slave on account of the uncertainty of the outcome of the possessory action was sufficient consideration for the promise of defendant to pay plaintiff.

But if the element of doubt is absent the rule does not hold. In the case of Stephens v. Spiers, 25 Mo. 386, which was a suit on prom-

issory notes and which is one of the cases relied on by plaintiff here, this court affirmed the judgment for defendant. Failure of consideration and deceitful representations were the defenses interposed. This court, in its opinion held [25 Mo. l. c. 390] : "There is no doubt of the correctness of the proposition that a compromise of a doubtful right is a valid consideration for a promise. But this case does not stand upon this proposition."

The element of doubtful right is carefully eliminated from Section 216, pages 820-821, 6 Ruling Case Law, and Section 1040, page 1838, Volume 2, Page on Contracts, cited by respondents in their opinion. Section 216, page 820, 6 Ruling Case Law, relates to enforceability of a promise growing out of an illegal contract. The part of the section which respondents in their opinion have quoted, is preceded and explained by this statement of the law:

"Contracts and acts that are absolutely void are contracts to do an illegal act or omit a legal public duty, usually bonds of married women, contracts in a form forbidden by law, official acts of persons having no recognized title to office, contracts to do an impossible thing or that leave uncertain the thing to be done, and the like. These are absolutely void, because they have no legal sanction, and establish no legitimate bond or relation between the parties. When the contract is, in substance or in essential form, illegal, neither party can ratify it, because the wrong done is against the state, and the state only can forgive it. To permit the subsequent ratification of such contract, or to consider it the sufficient and legal basis of a subsequent promise, would be a manifest inconsistency. It would be to annul the rule and enable the parties, by an easy expedient, to evade laws based upon considerations of public policy."

It is quite obvious that contracts and acts of the sort mentioned do not constitute even a doubtful right and therefore that they are subject to the rule cited and quoted in the opinion. In like manner Section 1040, page 1838, Page on Contracts, discloses by the examples given that the principles there laid down relate to wagering contracts wholly void upon their face.

In the instant case the respondents, by their ruling upon the action of the trial court under the facts in evidence, properly held that whether the rights asserted under the first note and original chattel mortgage given were valid or voidable was a question of fact to be determined by the jury, and that the rights claimed under these original instruments were doubtful.

In proceedings of this nature, it is hardly necessary to say our decision is limited alone to the question whether there is a conflict between the opinion of respondents and controlling decisions of this court in the respects asserted by the plaintiff (relator). Consequently we do not decide in this case whether upon defendant's theory of

the facts the promissory notes and mortgage involved constituted an invalid contract on account of a lapse of time between the sale and delivery of the truck and certificate of title.

For the reason that the opinion of respondents in that paragraph which we last quoted holding that the second chattel mortgage is void is in conflict with controlling decisions of this court and particularly with our decision in the case of Wood v. Kansas City Home Telephone Company, 223 Mo. 537, 123 S. W. 6, it is ordered that that part of the opinion of respondents be and the same is hereby quashed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. *Ellison, P. J.,* absent; *Tipton,* Acting *P. J.,* and *Leedy, J.,* concur.