Per Curiam.

This was an action brought by the defendant in error, as assignee of Eleazer Block, against the plaintiff, on a note of hand for $667 67, payable live months after date, and negotiable at the Bank of Missouri; the note bearing date 25th Nov., 1819; plea, non-assumpsit, and issue thereon.
On the trial of the cause, the execution and assignment of the note being admitted by the defendant therein, he offered, as a defence to the action, the following facts, to prove that the note was given without consideration: that, at the October term of the Circuit Court of Washington county, in the year 1815, Julien Depeystre and others, recovered judgment against one Amable Partenaye, for $1009 31. That on the 7th Nov., 1816, the said judgment was enjoined, by injunction from the Supreme Court; that on the 22d March, 1819, Partenaye, by deed, duly recorded, sold and conveyed part of his real estate in Washington county to the defendant. That at the April term of the Superior Court, the injunction was dissolved, and a decree entered in favor of the said Depeystre et als, for the amount of the original judgment, together with $66 55, the six per cent, on the same, and the further sum of $350 78, for their damages. That, on the 14th May, 1819, an execution issued out of the Court of Chancery on said decree, directed to the Sheriff of Washington county, who levied it on the land which the defendant had so purchased of the said Partenaye. That the defendant, supposing the land'liable to be sold under the said execution, made an arrangement with the said Depeystre et als, that he would pay *198 off the amount of said execution, provided they would give- him time ; that the said property should be sold under the execution, for the surety of the title of the defendant, Block, That, in pursuance of that agreement, the said note was given as. part security for the amount of the said execution. The property was purchased by Block at $50,0, which was not paid by him, hut his note given for the amount of the execution, under the said arrangement. The Court was of opinion, that there was. a sufficient consideration for the note, and gav.e judgment for the plaintiff;: to reverse’ which, this writ of error was brought. The general error only was assigned, and( joinder.
This Court is of opinion, that the want of consideration, or fraud, may be given in evidence under the, plea of non-assumpsit, but that the defence attempted to be set up to the action below, does not come within either of these definitions. There was no.fraud attempted to.be practiced by the defendant in error, on the plaintiff; he was well advised of all the circumstances of the title which the Sheriff was about to sell, which was supposed to belong to Partenaye, the defendant in the then execution. The arrangement he entered into with Depeystre and others, was voluntary on his part, and, as it seems to. this Court, was consented to by Depeystre & Co. for the accommodation of the plaintiff in error, and at his instigation. There was, therefore, no fraud on the part, either of the defendant in error, or in Depeystre & Co. The object which the plaintiff in this Court had in view, for entering into this, arrangement, was, that of securing the title of the land which he had, prior to the. dissolution of the injunction, and subsequent to the judgment against Partenaye, so-purchased of him, said Partenaye. This object was accomplished, and was, therefore, a sufficient consideration of itself, in our opinion. But even were it not so, the principle of law, that any thing which is beneficial to one party, or might tend to the lesser disadvantage of the other, is a good consideration. In tills case, Depeystre & Co. agreed to wait five months, for the payment of the amount of their execution, which they might, and probably would have got long before that period,, had the lands levied on been bona fide sold under that execution, hut which, was pre-. vented by reason of the said arrangement.
Let the judgment of the Circuit Court be affirmed, with .ten per cent, damages, as on the amount of the judgment below, together with interest On the amount of such judgment below, from the time of the rendition thereof to, this day, together, also,, with the defendant in error’s costs in defending this suit.