APRIL TERM.
1842.

STOTHARD v. AULL & MOREHEAD.

Stothard
v.
Aull & More-
head.

1. An agent is a competent witness to prove contracts made by him, on the part of his principal.

2. An authority to purchase articles on credit, must imply a power in the agent, to acknowledge indebtedness in the name of the principal. A recognition, by the principal, of the agency, in the particular instance, or in similar instances, is evidence of the authority of the agent.

Appeal from the Clay Circuit Court.

GREENOUGH for Appellant.

WILSON & REES for Appellee.

*Opinion of the Court, delivered by Scott, Judge.*

This was an action commenced by appellees against the appellant in a justice's court on a promissory note, executed by one Clarke, for the appellant. On an appeal to the circuit court the appellees had judgment, to reverse which, this appeal has been taken. It appears that Clarke, who executed the note for the appellant, kept a grocery for him ; that the business was carried on *in* his, Clarke's, name, but that the concern belonged entirely to the appellant ; that Clarke was authorised to buy such things as were wanted for the grocery ; that he purchased of the appellees a stove, barrel of whisky, and other articles, which were needed in the grocery, for which he executed the promissory note on which this suit was brought ; that Stothard, the appellee, received the proceeds arising from the sale of the articles purchased ; that in the course of his employment for the appellee, Clarke had given two other notes in the appellee's name, which had been discharged by him ; Clarke had no special authority to execute the notes.

The facts above stated were proved by Clarke himself, and the opinion of the court in permitting him to testify as a witness was excepted to, and is now complained of as error. It is the constant practice to admit agents to be witnesses for their principals in order to prove contracts made by them on the part of the principal, and this is allowed from necessity, or rather for the sake of trade, and the common

An agent is a competent witness to

usage of business. If the agent exceeds his authority, he is liable at all events to the losing party, and if he does not, he would be liable to neither. The court below instructed the jury that if they believed from the evidence that the appellee authorised Clarke to purchase the articles for which the note was given on credit, that such authority warranted the agent in signing the note sued on, in the name of the appellee. That the appellee having paid similar notes is evidence of an authority to execute the note now in question. These instructions were objected to, and the giving them is assigned for error. An authority to purchase articles on credit must imply a power to acknowledge an indebtedness in the name of the person for whom they are bought. A recognition by the principal of the agency, in the particular instance, or in similar instances, is evidence of the authority of his agent. As when one signs policies in the name of another who, when a loss occurs, pays the same, this would be evidence of a general authority to sign policies. So in case the defendant's son had in several instances signed bills of exchange by the direction of his father, it was held sufficient evidence to presume an authority from the father to the son to execute a guarantee. 2 Starkie on Evidence, 33.

Judgment affirmed.

*Margin notes:*

APRIL TERM. 1842.

Stothard
v.
Aull & Morehead.

prove contracts made by him on the part of his principal.

An authority to purchase articles on credit, must imply a power in the agent to acknowledge indebtedness in the name of principal. A recognition, by the principal of the agency in the particular instance, or in similar instances, is evidence of the authority of the agent.