ARCHIBALD CARR *et al.*, Respondents, *v.* WILLIAM H. CARD *et al.*, Appellants.

34   513<br>93a ²193

*Securities.*—Where a surety, with his principal, makes a direct and absolute promise to pay, depending upon no condition expressed in the writing, he may be sued without any previous demand upon the principal.

*Contract—Consideration.*—Any injury or inconvenience to the promisee is as sufficient a consideration to uphold a promise, as any benefit or advantage arising to the promisor.

*Appeal from St. Louis Circuit Court.*

*R. S. Voorhis,* for appellants.

I. The petition in this case does not state facts sufficient to constitute a cause of action.

It does not show that the defendants, appellants here, were in any manner connected with the indebtedness of the

steamboat, either as owners or otherwise. The instrument sued on is not a specialty and imports no consideration.

There being no evidence to show that defendants were in any manner connected with the indebtedness of the boat as owners of any interest therein, there does not appear any consideration for the instrument on which the action is based.

II. The document pleaded and put in evidence by the plaintiffs, is not a promise to answer for the debt of another *person.* It does not appear that the defendants had any right to act, in any manner, in relation to the debt on the part of the boat. No one represented or acted for the boat so as to raise a consideration for the promise. It was vol. untary, without consideration, moving on the part of the boat. Even if it can be construed to be a promise to answer for the debt of the steamboat, the contract by which the plaintiffs furnished supplies and materials to the boat, and acquired their lien, was executed and entirely past before the instrument sued on was made. They are not, therefore, liable on the contract sued on ; it is a *nudum pactum.* (Robertson v. Findlay, 31 Mo. 384, 8 Johns. 37.)

III. The plaintiffs treat Eads as a principal, and Card as his security. In this relation Card cannot be held under the contract alleged in this case.

The evidence, and the plaintiffs' own admissions show that they had no obligation upon Eads for the debt of the boat. Eads was in no way indebted to them. There was no primary or principal obligation of Eads, so that he could have no accessary. The consideration entirely fails. (1 Pothier on Obliga. 204, 205, 206 & 229, t. p.)

*C. S. Hayden,* for respondents.

I. The obligation of defendant Card to pay the debt was an original and absolute undertaking on his part, as the written agreement shows. The consideration of Card's undertaking was the detriment to plaintiffs', i. e. the giving up

their lien. Of course it was not necessary that defendant Card should have derived any benefit from the agreement.

II. Even on the supposition that defendant Card was liable, not as an original promisor, but as a guarantor; yet in that event the guaranty was an absolute and not a collateral one, and no demand or notice was necessary. If Card had signed the agreement expressly as guarantor, his liability to pay would have been absolute without demand or notice, on his principal's failure to pay at the time specified. (Cooper v. Page, 24 Me. 73; Breed v. Hillhouse, 7 Conn. 523; McDougal v. Calef, 34 N. H. 534; Upham v. Prince, 12 Mass. 15; 12 East. 227.)

DRYDEN, Judge delivered the opinion of the court.

This was a suit by the payees against the payors, founded on the following instrument of writing, viz:

"Whereas there is due to Carr & Kennett for supplies and materials furnished the steamboat Duncan S. Carter, the sum of three hundred and one dollars, for which said Carr & Kennett have a lien on said steamboat, her engines, machinery and appurtenances; and whereas the time in which said lien can be enforced under the statutes against the same is about to and will soon expire; now we, the undersigned, William H. Card and William H. Eads, in consideration of said Carr & Kennett (which firm is composed of Archibald Carr and Mortimer Kennett) not suing on and enforcing their lien against said steamboat, her machinery, &c., but suffering the same to expire by lapse of time, and giving up said lien or right to proceed against said property in specie (the original debt on account of said supplies furnished still existing, and not being in any way surrendered or satisfied) and in consideration of five dollars by us in hand, received from Carr & Kennett, we agree to pay said Carr & Kennett, within seven months from the date of this instrument, the sum of three hundred and one dollars aforesaid ($301), and to become personally responsible to them for said debt and liable to them therefor. Given un-

der our hands this first day of November, 1859. (Signed,) William Eads, William H. Card & Co."

The defendant Eads made default, but Card answered. The parties waiving a jury, the issues were tried by the court, resulting in a verdict and judgment for the plaintiffs.

The only evidence given on the trial by the plaintiffs was the instrument sued on, the execution of which was admitted by the answer. The defendant Card gave evidence tending to prove that he was but the security of Eads, his co-defendant. At the conclusion of the testimony, the defendant Card asked the court to declare the law of the case, as follows:

1. The jury are instructed that defendant Card stands in the relation to the defendant Eads of a security, and that before they can find for the plaintiffs, against the defendant Card, they must believe from due evidence that plaintiffs have exhausted against defendant Eads all the remedies known to the law; that is, proceeded by suit against him, and obtained judgment, and failed to collect the same.

2. The jury must be satisfied, from the evidence, that demand of payment of the sum sued for was made upon defendant Eads, and that he failed to pay the same, and upon such failure of said Eads notice of the same was given to defendant Card, otherwise they will find for the defendant.

3. If the jury believe, from the evidence, that the defendant Card was not an owner of the steamer Duncan S. Carter, or that he was not otherwise interested therein, and that he received no consideration for his signature to the agreement sued on, and derived no benefit or advantage therefrom; and if they further believe, that such facts were in the knowledge of the plaintiffs, or either of them, at the time that the said agreement was signed; or if they believe that the understanding between plaintiffs and defendant Card was that said Card signed the said agreement only as security, then they must find for the defendant.

4. If the jury believe, from the evidence, that the defendant Card was not an owner of the steamer Duncan S. Carter,

or that he was not otherwise interested therein, and that he received no consideration for his signature to the agreement sued on, and derived no benefit or advantage therefrom; and if they further believe that such facts were in the knowledge of the plaintiffs, or either of them, at the time the said agreement was signed, then they must find for the defendant.

The instructions were all refused, and their refusal is assigned for error :

1. It was immaterial in this case whether the appellant stood in the relation of security to his co-defendant Eads on the contract sued on, or whether they were joint principals. The obligation was a direct and absolute promise to pay, depending upon no condition expressed in the writing or implied in the law; and to hold, that the appellant was liable without a previous demand or previous suit against the principal, as supposed by the first and second instructions, was but holding him to the express terms of his contract.

2. The proposition contained in the third and fourth instructions, to the effect that a consideration sufficient to sustain a contract must be some benefit or advantage accruing to the party promising, was likewise founded in a misapprehension of the law. Any injury or inconvenience to the promisee is quite as sufficient a consideration to uphold a promise as any benefit or advantage arising to the promisor. (Story on Contracts, § 429, 431.) The discharge of the respondents' lien, whether considered as a benefit to Eads, the co-promisor, or as any injury suffered by the respondents, was altogether sufficient in law to sustain the appellant's promise, although no advantage or benefit accrued to the appellant from such discharge.

The lower court committed no error in refusing the instructions, and its judgment is therefore affirmed ; the other judges concurring.