THOMAS W. FAYLES, Respondent, *v.* NATIONAL INSURANCE COMPANY OF HANNIBAL, MO., Appellant.

1. *Insurance companies — Draft — Agency.*— Where the by-laws of an insurance company gave the general agent, under the direction of the executive committee, authority to compromise and settle claims, and it appears that he was in the habit of adjusting and settling claims for loss and damage, and that he drew drafts on the company for the same, which drafts were honored and paid off, the community and those who dealt with him had a right to presume that authority had been delegated to him for that purpose, and the company would be bound for the payment of such drafts.

*Appeal from Clinton Circuit Court*

Geo. H. Shields, for appellant, cited First National Bank of Kansas City v. Hogan, 47 Mo. 474.

*Hall & Oliver*, for respondent.

I. The evidence offered by plaintiff and objected to by defendant was properly admitted. The action of defendant, in recognizing the validity of the acts of its agent to bind it, is the very best evidence of the agent's authority and of its extent. (6 Wall. 785; 5 Mo. 555; 7 Mo. 318; 2 Stark. Ev. 33.)

II. A recognition by the principal, of the agency in the particular instances, or in similar instances, is evidence of the authority of the agent. (7 Mo. 318; 2 Stark. Ev.)

WAGNER, Judge, delivered the opinion of the court.

The only point saved in the record and presented for our determination is the ruling of the court on the admissibility of the plaintiff's evidence. The action was founded on a bill of exchange purporting to be drawn in the name of the defendant by its general agent, in favor of one Otterman, in payment of a loss which he had sustained by fire on a building which was insured by defendant. The bill was assigned and transferred to the plaintiff.

The answer denied the authority of the agent to draw the bill and make it binding on the company. For the purpose of showing authority, plaintiff gave evidence proving that the general agent had drawn similar bills in like cases, and that the said bills were paid by the company. This evidence was objected to, but the objection was overruled, and it was admitted by the court.

Defendant introduced in evidence the by-laws of the company, the fifth section of which provides that the general agent shall have power to appoint or remove local agents, give them general instructions and directions, render them such assistance as may be necessary to secure business, and also have the general supervision of the agency departments. Power is moreover given him, under the direction of the executive committee, to compromise and settle claims arising from loss and damage.

The trial was before a court without a jury, and judgment was for the plaintiff. If the evidence was admissible, the verdict can not be disturbed.

In the case of the First National Bank of Kansas City v. Hogan, 47 Mo. 472, the proposition was laid down that a draft signed by an officer of an insurance company alone is not binding on the company where there is no evidence of any usage or law giving him authority to bind the company. There it was shown that the secretary signed the draft and acted for the company in the capacity of secretary. But the signing was the only thing from which authority was attempted to be deduced. It was not shown that in a single instance, except that one, he ever undertook as secretary to make a draft as the company's agent. As no direct power was asserted, the signing in one single case would not amount to evidence warranting the conclusion that such authority was devolved on him. If an officer of a corporation openly exercises a power which presupposes a delegated authority for the purpose, and the corporate acts show that the corporation must have contemplated the legal existence of such authority, the acts of such officer will be deemed rightful and the delegated authority will be presumed. Therefore, when the by-laws gave the general agent, under the direction of the executive committee, authority to compromise and settle claims, and when it was seen that he was in the habit of adjusting and settling claims for loss and damage, and that he drew drafts on the company for the same, and that these drafts were honored and paid off, the community and those who dealt with him had a right to presume that authority had been delegated to him for that purpose.

The general principles governing such cases was adjudged by this court in Stothard v. Aull, 7 Mo. 318, where an agent purchased certain articles for his principal and gave a note in the principal's name therefor. He had also given two other notes in the principal's name, which had been discharged. No special authority had been given him to execute the notes. Upon these facts it was held that an authority to purchase articles on credit would imply a power to acknowledge an indebtedness in the name of the person for whom they were bought; that a recognition by the principal of the agency in this particular instance, or in similar instances, was evidence of the authority of the agent; as where one signed policies in the name of another, who, when a

loss occurred, paid the same, that would be evidence of a general authority to sign policies.

I think the evidence was clearly admissible, and the judgment must therefore be affirmed.   Judge Bliss concurs.   Judge Adams absent.