CARNEY *et al.*, *Appellants*, v. CARNEY *et al.*

1. **Conveyance of Land :** ORAL CONTRACT : PART PERFORMANCE : STATUTE OF FRAUDS. Where there was an oral agreement by the father that if his two sons would pay the interest and debt on his land and would take care of him and their mother for the rest of their lives, they were to have the land, and they entered into possession and cultivated the land and performed the contract on their part, such contract is taken out of the operation of the statute of frauds.

2. **Evidence :** INCOMPETENCY OF WITNESS. The incompetency of a defendant as a witness because the other party to the contract in issue had died, must be raised on the offer of the evidence at the trial.

3. ————: DECLARATIONS OF DECEASED PERSONS. Loose declarations of persons since deceased as to an oral contract to convey land, while admissible in evidence, are to be received with great caution, and must be clear, strong, and unequivocal if relied on.

4. ———— : EXCLUSION OF DOCUMENTARY EVIDENCE : PRESUMPTION. Where the trial court excluded the administration papers and record of an estate in the probate court and they are not preserved, and there is nothing to identify or show what they are, the ruling of the trial court will be presumed to be correct.

5. **Judicial Records as Evidence.** Records and proceedings of common-law courts, when material, are admissible to prove that such records and proceedings were made and had, but are not generally evidence of the truth of the facts therein alleged.

*Appeal from Knox Circuit Court.*—HON. B. E. TURNER, Judge.

AFFIRMED.

*L. F. Cottey* for appellants.

(1) Pretermitted heirs can sue by ejectment. *McCourtney v. Mather*, 47 Mo. 533 ; *Pounds v. Dale*, 48 Mo. 270; *McCracken v. McCracken*, 67 Mo. 590. (2) As the defendants were in possession under their father until his death, and as they claimed title under a verbal contract or a will to Isaac after his death, they had no possession which could be considered as adverse to plaintiffs until after the death of their father in 1879. *McCracken v. McCracken*, 67 Mo. 590. (3) The verbal agreement relied on by the defendants was clearly within the statute of frauds and perjuries. R. S., secs. 2510, 2511. (4) The court erred in permitting the defendant, George S. Carney, to testify to an alleged oral contract made with his father, Alexander Carney, in his lifetime. If the cause of action was a matter transacted with a person who is deceased, the other party to that transaction, being also a party to the suit, cannot be admitted as a witness in the cause. The rule of his exclusion is as broad as the contract or cause of action in issue and on trial, and his testimony in his own favor. When one of the parties to a litigated obligation is silenced by death, the other shall be silenced by law. 1 Whart. Evid., sec. 466 ; R. S. of 1879, sec. 4010 ; *Stanton v. Ryan*, 41 Mo. 510 ; *Johnson v. Quarles*, 46 Mo. 423 ; *Amonett v. Montague*, 63 Mo. 201 ; *Looker v. Davis*, 47 Mo. 140 ; *Angel v. Hester*, 64 Mo. 142 ; *Sitton v. Shipp*, 65 Mo. 297 ; *Hughes v. Israel*, 73 Mo. 538 ; *Williams v. Perkins*, 83 Mo. 379 ; *Chapman v. Dougherty*, 87 Mo. 617 ; *Meier v. Thieman*, 90 Mo. 433. (5) Testimony as to oral admissions of parties since dead is to be received with great caution, and whenever it is attempted to prove resulting trusts by virtue of such admissions, the testimony must be clear, strong, and unequivocal, and leave

no room for doubt. A mere preponderance of evidence will not do in such cases. Loose declarations and statements of persons since dead are entitled to but small weight. *Johnson v. Quarles*, 46 Mo. 423; *Ringo v. Richardson*, 53 Mo. 385; *Rennedy v. Rennedy*, 57 Mo. 73; *Forrester v. Scoville*, 51 Mo. 268; *Woodford v. Stephens*, 51 Mo. 443; *Cornet v. Bertelsmann*, 61 Mo. 118; *Ray v. Loper*, 65 Mo. 470; *Modrell v. Riddle*, 82 Mo. 31; *Shaw v. Shaw*, 86 Mo. 94; *Rogers v. Rogers*, 87 Mo. 257.

*O. D. Jones* for respondents.

(1) There is no assignment of errors. Nothing here to review. *Rannels v. Flynn*, 44 Mo. 604; *Miller v. Folinsbee*, 59 Mo. 183; R. S., sec. 3764. And respondents now ask the court to affirm the judgment. (2) The filing of reply and going to trial waived demurrer and motion in nature of a demurrer. *Dunklin Co. v. Clark*, 51 Mo. 60; *Higley v. Noell*, 51 Mo. 145; *Ware v. Johnson*, 55 Mo. 500. (3) When a party to an oral contract for purchase of real estate has by part or total performance been placed in such a position, it would be a fraud on him if the contract is not fully executed. Equity will interfere and do it. *Farr v. Patton*, 20 Mo. 81; *Dickerson v. Chrisman*, 28 Mo. 134. These young men now have put in twenty years of their lives in fulfilment of this agreement. But for their effort, so far as appears here, the little patrimony now in dispute would have been sold and beyond the reach of all of them in the lifetime of their ancestor. The answer states a good defence. *Walker v. Owens*, 79 Mo. 563; *Hale v. Stewart*, 76 Mo. 20. (4) It was not objected in the lower court that George S. Carney was incompetent as a witness because the contract was made with his deceased father. Such objection will not be heard now. *Sumner v. Rogers*, 90 Mo. 324; *Primm v. Raboteau*, 56 Mo. 407; *Rosenheim v.*

*Ins. Co.*, 33 Mo. 230; *Keim v. Transit Co.*, 90 Mo. 314. Besides the testimony·was admissible. *Bradley v. West*, 68 Mo. 67.    (5) The objections to the administration papers and record were properly sustained.

RAY, J.—This is an action of ejectment with petition in the ordinary form.    The plaintiffs ( with the exception of Cottey, who is a purchaser from one of the heirs) and defendants, are all children of one Alexander Carney,· deceased, who died in 1879.    Plaintiffs claim five-eighths of the land in controversy as heirs of said Carney, whilst the defendants, Isaac and George S. Carney, who are in possession, claim the entire tract under the oral agreement, alleged in the answer to have been made with their said father in 1865 or 1866, by the terms of which they were to pay the interest and debt on the land, take care of their father and mother, who were then old, as long as they lived, which they alleged has been done by them, and in consideration thereof they were to have the land in dispute as their own.

The answer, in addition to the said oral agreement, sets up the statute of limitations, which, however, cuts no figure in the case.    The plea of the attempted execution of a will by said Alexander Carney, devising the lands in question to defendant Isaac, in furtherance of said verbal agreement, is also immaterial, even if well pleaded, and need not be noticed further in this connection.    The pleadings are of unusual length, and a further statement of them, we think, is unnecessary to a proper determination of the questions involved in this appeal, which is taken by plaintiffs from the judgment in the cause had and obtained in favor of defendants.

I.    The position of plaintiffs, which was asserted at the trial in several ways and is now urged here, that the verbal agreement set up in the answer and relied on by defendants, is within the statute of frauds and perjuries, is, we think, under the facts, untenable.    It appears

that Alexander Carney, deceased, bought the land and gave bond for the purchase money to Knox county in 1855; that he moved onto it shortly thereafter, and that in 1865 or 1866 some ten or twenty acres had been put in cultivation and a log house built thereon; that being old and unable to do much work, in debt for the land and apprehensive about payment of the interest and balance of the purchase money due the county, he, at that time, made the said oral agreement with his two sons, who were then living with him on the place; that, shortly thereafter, said Alexander Carney and defendants went to the county seat with a view of having the county court transfer the lands to defendants; but the court was busy that day and told them to come back, which, however, it seems they neglected to do, and no further action in that behalf was ever taken. It seems that the other children, who are plaintiffs in the action, all married, and at various times, long prior to the death of said Alexander Carney, went to their own homes, whilst the two defendants continued to reside on the place with their father, and after said oral agreement, in 1865 or 1866, and in pursuance thereof, possessed and cultivated the farm, furnished the family supplies, did the cooking and farm-work generally, paid some interest on the bond for the purchase money, and perhaps one payment of fifty dollars on the principal; also some taxes and some other debts of their father, and at the date of suit had extended the cultivation of the farm so as to embrace some sixty-five acres. The father and mother continued to live on the place with their said sons until their death, the death of their mother occurring, we believe, in about the year 1870, whilst that of their father occurred, as stated, in the year 1879.

The evidence, as preserved in the bill of exceptions, is, perhaps, in some respects, not altogether as full and satisfactory as it might be, but in view of the fact that

the jury have found in favor of the equitable right of defendants, under said parol contract, with said Alexander Carney, deceased, under instructions which required them to find the evidence in that behalf "clear and satisfactory to their minds," and as the trial judge and chancellor was satisfied with the finding of the jury, to whom he submitted the equitable issues in the cause, we feel constrained to defer to such finding, under all the facts and circumstances. In this view of the evidence the oral agreement was, in fact, made as alleged, and has been so far executed by the defendants, by the fifteen or twenty years of labor they have put in upon said farm, possessing and cultivating it under their said claim paying debts and liabilities, and taking care of their parents in accordance with the terms of said contract, that it would be inequitable if the same was not now deemed to be executed as against said Alexander Carney and the heirs claiming under him. The statute of frauds is not applicable to the facts of the case. *Sharkey v. McDermott*, 91 Mo. 647, and cas. cit.

II. The point is made in this court that George S. Carney, one of the defendants, who testified for defendants as to said oral contract, was incompetent for the reason that his father, who was the other party to said contract in issue and on trial, was dead. But it is urged in reply, on defendant's behalf, that said objection to his competency as a witness, even if well taken, was not made at the trial, and is urged here for the first time, and, therefore, under repeated rulings of this court, cannot now be considered. We have made a careful examination of the record in this behalf and find it to be as follows: When said George S. Carney was offered as a witness no objection to his competency as such was made. After he was cross-examined, "plaintiffs objected to all evidence in relation to a verbal contract concerning said farm as irrelevant, incompetent, and immaterial." The same objection was also made to the

testimony of the witness Linville, and perhaps to that of other witnesses. The objection made at the trial as to competency was manifestly that the oral contract was within the statute of frauds. In the demurrer to the answer, and motion to strike out parts of the same, and in instructions asked on behalf of plaintiffs, and in the motion for new trial, the objection always made and presented to the trial court was that the alleged contract was not in writing, and that evidence thereof was incompetent for that reason. The incompetency of the witness, for the reason urged, was not made at the trial, no ruling was had thereon, and no exception taken in that behalf, and for this reason the objection comes too late in this court. *Primm v. Raboteau*, 56 Mo. 407; *Sumner v. Rogers*, 90 Mo. 330; *Russell v. Glasser*, 93 Mo. 353.

III. Some question is made here as to the testimony of the witnesses Strange and Baltz, as to the declarations of Alexander Carney, in substance that they had heard him say that he was not able to pay out, and that the farm belonged to the boys, Sam and Isaac. In and of themselves these statements may be, as plaintiffs contend, "loose and disjointed," and insufficient to satisfactorily establish any definite or certain contract, or any of its terms. Loose declarations of persons, since dead, are to be received with great caution and testimony as to oral admissions of parties since dead, must be clear, strong, and unequivocal, if relied on, but statements, such as are under consideration, are, we think, relevant and competent, and may well be received in connection with other testimony in the cause.

The remaining question is as to the propriety of the court's action in excluding the "records and papers" of the administration of the estate of said Alex. Carney in the probate court of Knox county, and refusing plaintiffs' offer to "prove by said records and papers"

that the administrator had paid taxes on said land, and interest on the bond to Knox county, and had paid the expenses of the last sickness and funeral of said Alex. Carney, and had inventoried and rented said land as the property of the estate. None of said "papers or records" in the administration proceedings have been preserved in the transcript, and there is nothing to identify or show what they were. In the entire absence of these papers from the record, it is impossible for this court to determine whether they were competent in rebuttal of defendants' theory or not, and in their absence, the ruling of the trial court in that behalf will be presumed to be correct, even if there was no other objection to their admissibility for such purpose. Records and proceedings of common-law courts, when material, are always admissible to prove that such records and proceedings were made and had, but generally are not evidence of the truth of the facts therein recited.

This leads to an affirmance of the judgment, and it is accordingly so ordered, with the concurrence of the other judges.